Cao v. Sessions

BIA
Christensen, IJ
A206 068 543

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of February, two thousand eighteen.

PRESENT:
DENNIS JACOBS,
BARRINGTON D. PARKER,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

HU CAO,
*Petitioner,*

v.                                            16-3933
                                              NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Keith S. Barnett, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Margaret Kuehne
                         Taylor, Senior Litigation Counsel;
                         Patricia E. Bruckner, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hu Cao, a native and citizen of the People's Republic of China, seeks review of a November 4, 2016, decision of the BIA affirming an October 30, 2015, decision of an Immigration Judge ("IJ") denying Cao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hu Cao,* No. A206 068 543 (B.I.A. Nov. 4, 2016), *aff'g* No. A206 068 543 (Immig. Ct. N.Y. City Oct. 30, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as modified and supplemented by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Cao was not credible as to his claims that Chinese officials had harassed him and forced him into hiding after expropriating and destroying his farm, and that they had threatened to arrest him after discovering his membership in the China Democracy Party ("CDP") in the United States.

The agency reasonably found Cao's testimony that officials had harassed him daily and caused him to live in hiding for a year inconsistent with his wife's letter, which omitted any mention of these events even though she claimed to write to inform the IJ how the Chinese government had threatened and persecuted her husband. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 (relying on omissions from supporting letters and noting that "[a]n inconsistency and an omission

are . . . functionally equivalent."). Cao did not provide a compelling explanation for this inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Furthermore, the agency reasonably relied on Cao's failure to provide any evidence to corroborate this claim, or even establish that he had owned a farm in China. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

The agency also reasonably relied on an inconsistency between [i] Cao's testimony that he had informed his witness, the chairman of the East Coast CDP, that Chinese officials had discovered his membership in the CDP and threatened to arrest him, and [ii] the chairman's affidavit, which omitted this information. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at

4

166-67 & n.3.  Furthermore, the chairman's testimony did not resolve this inconsistency.  Rather than state that he did not know if Chinese officials were aware of Cao's CDP activities, the chairman testified evasively, ultimately suggesting that officials "should know" because it was common sense.  Only after being asked a third time whether Cao had concerns that the government was aware of his activities did the chairman state that he did not remember Cao's specific situation given the large number of CDP members.  The agency was not compelled to credit this explanation because the chairman, who had testified in at least 100 asylum cases, remembered more detailed information about Cao, such as the month they had met and the day Cao had joined the party.  *See Majidi*, 430 F.3d at 80.

Given the inconsistencies and the lack of corroboration relating both to past events in China and the Chinese government's purported discovery of Cao's CDP membership in the United States, the agency's adverse credibility determination is supported by substantial evidence and is dispositive of asylum, withholding of removal, and CAT relief.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

We do not consider the BIA's decision insofar as it declined to remand based on the evidence Cao submitted on appeal because Cao does not challenge that decision in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court